Eastern District of Kentucky
F I L E D
NOV 0 8 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-194-GWU

DONALD MESSER,                                                   PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Messer

>
> Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Messer

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Messer

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Donald Messer, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of mild to minimal lumbar degenerative conditions, a history of back and neck pain, marijuana abuse, nicotine dependence, and borderline intellectual functioning. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Messer retained the residual functional capacity to return to his past 12 at work as a headlight assembler and, therefore, was not entitled to benefits. (Tr. 20-4). The Appeals Council declined to review, and this action followed.

At the second of two administrative hearings, the ALJ had asked the VE whether a person of the plaintiff's work history and educational background could perform any jobs if he were capable of "light" level exertion, and had a "limited but satisfactory" ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, maintain attention and

7

concentration, handle complex instructions, behave in an emotionally stable manner, relate predictably in social situations, demonstrate reliability, and maintain personal appearance. (Tr. 80). The VE responded that such a person could return to his light, unskilled work as a line worker at a headlight company. (Tr. 79-80). In the alternative, the VE testified that there would be other jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 81). If the hypothetical question were modified to add that the individual had a third-grade reading ability and fourth-grade mathematics ability, and could only occasionally stoop and bend, the VE testified that the alternative jobs could still be performed. (Tr. 81-2).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Mr. Messer alleged disability due to neck and back pain, and being a "slow learner." (Tr. 125). However, he had a long work history (Tr. 126) until being forced to stop his last job as a headlight assembler in 2002 as a result of his back problem (Tr. 57-8, 72). He testified that, although he had completed high school, he could not read or write well, but could read simple words and perform simple arithmetic. (Tr. 61).

Messer

The plaintiff raises two issues on appeal, neither of which involves the physical restrictions.[1]

First, he asserts that the hypothetical question was inaccurate based on the claimant's Wide Range Achievement Test (WRAT) testing. The plaintiff underwent psychological testing by Reba Moore, a licensed psychologist, on August 8, 2002, and WRAT testing at that time showed a third-grade reading ability and fourth-grade mathematics ability. (Tr. 162). Subsequently, Mr. Messer was evaluated by Dr. Kenneth Starkey, another psychologist, on April 18, 2005. Dr. Starkey noted significant deficits in the plaintiff's reading and spelling abilities on WRAT testing

---

[1] The Court notes that a consultative physical examiner, Dr. Jules Barefoot, completed a "Functional Capacities Form" in which he indicated that the plaintiff could perform light level lifting, could sit, stand, and walk eight hours each per workday, and could "frequently" bend, squat, crawl, and climb. (Tr. 290). "Frequently" is defined on the form as "34 [percent] to 66 [percent]" of the time. (Id.). On the plaintiff's Work History report, he described his job as a line worker at a headlight factory as involving "10" hours of crouching per day, but also said that he could alternate standing or sitting as he chose. (Tr. 139). The plaintiff also testified at one of the administrative hearings that he could alternate sitting or standing in this job at will. (Tr. 57). While it does appear that Dr. Barefoot may have indicated some restriction in the plaintiff's ability to perform postural activities, inconsistent with the hypothetical question, which would not be consistent with 10 hours of crouching a day, it does not appear logical that this much crouching would be required in a job that could be performed seated as for long as the worker wished. There is also another inconsistency between the information on the Work History report, which states that the plaintiff frequently had to lift up to 50 pounds (Tr. 139), whereas he testified that he only had to lift three or four pounds (Tr. 57). Moreover, even if the plaintiff were found to be incapable of returning to his past relevant work in this particular job, the VE identified alternative jobs which could be performed by a person capable of "occasional" stooping and bending. (Tr. 82). Finally, the plaintiff has not raised any issue regarding the physical requirements of the past relevant work on appeal.

9

and, although he did not relate the scores obtained to specific grade levels, the "standard score" of 66 on "basic/word reading" and 61 on the spelling subtests are similar to the standard score of 60 obtained by Reba Moore. (Tr. 162, 299). While the plaintiff is correct that the Sixth Circuit has found reading scores at this level are considered to be essentially equivalent to illiteracy, Skinner v. Secretary of Health and Human Services, 902 F.2d 447 (6th Cir. 1990), the fact remains that the plaintiff had been able to perform his job as a headlight assembler successfully even with a reading ability at this level. Therefore, any failure to cite the plaintiff's achievement testing in the original hypothetical question does not assist Mr. Messer in carrying his burden of showing that he could not return to his past relevant work. Furthermore, the achievement levels were added to the hypothetical question on further examination by counsel for the plaintiff and, as noted above, the VE responded that, at the very least, the plaintiff could still perform the alternative jobs described.

Second, the plaintiff argues that the ALJ had failed to follow instructions in an order by the Appeals Council, which had remanded a 2004 ALJ decision (Tr. 255-9) citing, among other factors, the ALJ's failure to adequately evaluate restrictions given by state agency psychological reviewers Ed Ross and Jane Brake (Tr. 199-206, 266-7). However, on remand, a new psychological evaluation was obtained from Dr. Starkey, and the ALJ followed the specific functional limitations given by Dr. Starkey

exactly. (Tr. 302-3). Dr. Starkey had indicated that the plaintiff's symptoms would cause "no significant impairment of either social or occupational functioning." (Tr. 300). Since the plaintiff had no treating psychological source, and the prior evaluation from Reba Moore had been conducted on a one-time basis, the ALJ could reasonably have accepted the opinion of Dr. Starkey over the opinion of the state agency reviewers who did not even have access to the entire record. Consequently, no purpose would be served by remand on this issue.

The decision will be affirmed.

This the ___8___ day of November, 2006.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

11